UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLUS JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CYNTHIA TAMPKINS, et al.,<br><br>　　　　　　Defendants. | Case No. 5:18-cv-01974-FLA (JC)<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING ACTION** |

## I.　BACKGROUND AND SUMMARY

On September 14, 2018, Plaintiff Carlus Jackson, who was then a state prisoner, and is proceeding pro se, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against multiple California Department of Corrections and Rehabilitation officials connected with inmate classification committees.[1]  Dkt. 1. Liberally construed, the Complaint appeared to claim that one or more of the defendants violated Plaintiff's Fourteenth Amendment rights to equal protection and procedural due process by affixing to Plaintiff's inmate custody designation an "R" suffix (also referred

---

[1] Plaintiff has since been released from custody.  See Dkts. 8, 10 (Notices of Change of Address).

to as a "SEX Administrative Determinant") which, pursuant to Cal. Code Regs. Tit. 15, § 3377.1(b), identified Plaintiff as having a history of sex offenses.  Plaintiff sued all defendants in their individual and official capacities and sought monetary, declaratory, and injunctive relief.  As Plaintiff was a prisoner seeking redress from employees of a governmental entity, the assigned magistrate judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.

On February 17, 2022, the magistrate judge issued an Order Dismissing Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("February Order").[2]  Dkt. 12.  The February Order advised Plaintiff that the Complaint was

---

[2] Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  *Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019); *see also Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B).  However, "the dismissal of a complaint with leave to amend is a non-dispositive matter."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  *See id.* at 797.  Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); *see also Hunt v. Pliler*, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting *McKeever*, 932 F.2d at 798).  The February Order expressly notified Plaintiff that (1) the February Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the district judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the February Order if such party did not seek review thereof or object thereto.  February Order at 18 n.11.

deficient for reasons described in the February Order, dismissed the Complaint with leave to amend, and directed Plaintiff, within fourteen days (i.e., by March 3, 2022), to file one of the following: (1) a first amended complaint which cures the pleading defects described in the February Order; (2) a notice of dismissal; or (3) a notice of intent to stand on the Complaint.³ The February Order expressly cautioned Plaintiff that the failure to file timely a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the February Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the February Order. The foregoing March 3, 2022 deadline expired without any action by Plaintiff. Plaintiff has not sought review of or filed any objections to the February Order and has not communicated with the court in this action since before the February Order was issued.

      As discussed below, this action is DISMISSED due to Plaintiff's failure to state a claim for relief, his unreasonable failure to prosecute, and his failure to comply with the February Order.

/ / /
/ / /
/ / /

---

³ Specifically, the Magistrate judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other deficiencies: (1) violated Rule 10 of the Federal Rules of Civil Procedure because it did not name all parties in the caption; (2) failed to state a viable claim against defendants in their official capacities; (3) failed to state a claim for violation of the Fourteenth Amendment Due Process Clause; and (4) failed to state a viable equal protection claim under the Fourteenth Amendment. February Order at 13-18.

3

## II. PERTINENT LAW

It is well-established that a district court may sua sponte dismiss an action where the Plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) (as amended), *cert. denied*, 506 U.S. 915 (1992); *see also McKeever*, 932 F.2d at 797 (district court may sua sponte dismiss action "only for an unreasonable failure to prosecute") (citations omitted); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (sua sponte dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding pro se, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." *Ferdik*, 963 F.2d at 1261 (citation omitted). In addition, where a magistrate judge originally dismissed the complaint with leave to amend, the district judge must review that decision before dismissing the entire action. *See McKeever*, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").

A district judge may not dismiss an action for failure to comply with a court order (e.g., the magistrate judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (citing *id.*).

## III.   DISCUSSION AND ORDER

First, the court has reviewed the February Order and finds that it adequately and properly notified Plaintiff of the deficiencies in the Complaint and afforded him an opportunity to amend effectively. This court agrees with and adopts the February Order, and finds that the magistrate judge properly dismissed the Complaint with leave to amend for the reasons discussed therein.

Second, as explained in the February Order, the Complaint fails to state a federal claim for relief against any defendant. The February Order explained in detail what Plaintiff needed to do to cure the deficiencies in his pleading and ordered Plaintiff to respond to the February Order by either: (1) filing a first amended complaint which cured the identified pleading defects, (2) filing a notice of dismissal, or (3) filing a notice of intent to stand on the Complaint. The February Order also cautioned Plaintiff that his failure to respond timely to the February Order may result in the dismissal of this action on the grounds identified in the Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the Order.

In light of Plaintiff's failure to file any response to the February Order as expressly directed or to communicate with the court since its issuance, this court deems such failure Plaintiff's admission that amendment of the Complaint is futile and concludes that Plaintiff is unable or unwilling to draft a complaint that states viable claims for relief. *See, e.g.*, *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), *cert. denied*, 574 U.S. 815 (2014).

Accordingly, dismissal of the instant action based upon Plaintiff's failure to state a claim is appropriate.

Third, dismissal is appropriate based upon Plaintiff's failure to comply with the February Order and the failure to prosecute. The court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the court that he wishes to stand thereon. He has done nothing. *See Edwards*, 356 F.3d at 1065. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since the court has already cautioned Plaintiff regarding the consequences of his failure to prosecute and his failure to comply with the February Order, and Plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. *See, e.g.*, *Yourish*, 191 F.3d at 989 (dismissal of action with prejudice not excessive sanction for plaintiffs' failure to comply timely with court's order to submit an amended complaint).

/ / /

/ / /

/ / /

IT IS THEREFORE ORDERED that this action is DISMISSED based upon Plaintiff's failure to state a federal claim, his unreasonable failure to prosecute, and his failure to comply with the February Order.

IT IS SO ORDERED.

Dated: March 22, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge