UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLUS JACKSON,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CYNTHIA TAMPKINS, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 5:18-cv-01974-FLA (JC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　The court has conducted the review required by 28 U.S.C. § 636 and agrees with, accepts, and adopts the findings, conclusions, and recommendations of the Magistrate Judge reflected in the June 6, 2024 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "Report"), likewise agrees with, accepts, and adopts the November 7, 2023 and March 11, 2024 screening Orders issued by the Magistrate Judge (Docket Nos. 21, 26), and – after conducting a de novo review -- overrules Plaintiff's Objections to the Report and Recommendation (Docket No. 32).

/ / /

/ / /

1

     The Report and Recommendation recommends dismissal of the Third Amended Complaint without further leave to amend.  As explained below, Plaintiff's objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendation.

     Plaintiff objects that, given he is no longer in custody, his Complaints should not have been screened.  Dkt. 32 at 2.  As the Report explained, however, the court may screen and *sua sponte* dismiss a Complaint for failure to state a claim.  Dkt. 31 at 6-7.  Thus, it was proper for the Magistrate Judge to screen Plaintiff's complaints and issue recommendations accordingly.

     Plaintiff objects that he has stated a claim based on the "R" administrative determinant being applied to him while in custody.  Dkt. 32 at 3-4.  As the Report explained, however, Plaintiff failed to state a due process claim because he did not demonstrate he had any protected liberty interest in avoiding the "R" designation. Dkt. No. 31 at 13-16.  And as the Report further explained, Plaintiff failed to state an equal protection claim because he failed to allege intentional discrimination with respect to that designation.  *Id*. at 16-17.   Plaintiff's objection does not overcome these conclusions.

     Plaintiff objects he did have a liberty interest in avoiding the "R" designation because prison regulations use "mandatory language" regarding the application of that designation.  Dkt. 32 at 5.  As the Report explained, however, Plaintiff did not allege "mandatory, coercive treatment which affects a liberty interest, such as parole release[.]"  Dkt. 31 at 14. Specifically, as the Report found, Plaintiff did not allege that the "R" designation actually affected the length of his detention.  *Id*. at 14-15.

     Plaintiff objects the Report analyzed his claims as "a security classification" when he actually contended that the "R" designation was "against established policy and procedure" of the prison.  Dkt. 32 at 5-6.  As the Report explained, however, alleged violations of a prison's policy and procedure do not amount to a

1  constitutional violation.  Dkt. 31 at 12.

2      Plaintiff objects that, even if he was not actually harmed by the "R"
3  designation, he still may seek "preventive relief."  Dkt. No. 32 at 6.  To the
4  contrary, such relief is unavailable because he is no longer in custody.

6      IT IS HEREBY ORDERED that (1) the Third Amended Complaint and this
7  action are dismissed without further leave to amend; (2) Plaintiff's federal claims
8  are dismissed with prejudice; (3) the court declines to exercise supplemental
9  jurisdiction over, and dismisses without prejudice Plaintiff's state-law claims;
10  (4) Judgment be entered accordingly; and (5) the Clerk serve copies of this Order
11  and the Judgment on Plaintiff and any counsel for Defendants.

12      IT IS SO ORDERED.

13  Dated: <u>July 1, 2024</u>

_____
FERNANDO L. AENLLE ROCHA
United States District Judge